Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 940 | **DATE** | 6/10/2003 |
| **CASE TITLE** | Sanford Feld, et al vs. Stanley Altschuler, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Defendants' Answer is stricken In its entirety - -but with leave to file a proper self-contained Amended Answer and Affirmative Defenses in this Court's chambers on or before June 20, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUN 12 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 10 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/10/2003 | |
| SN | courtroom deputy's initials | 03 JUN 10 PM 4:41  U.S. DISTRICT COURT CLERK  date/time received in central Clerk's Office | date mailed notice  SN  mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



SANFORD FELD, et al., )
)
          Plaintiffs, )
)
v. ) No. 03 C 940
)
STANLEY ALTSCHULER, et al., )
)
          Defendants. )

## MEMORANDUM ORDER

On June 6, 2003, the date when counsel for defendants Stanley Altschuler and Strategic Growth International, Inc. had scheduled the presentment of their Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Amended Complaint brought against them by Sanford Feld and Alan Zelinsky (a motion that was sought to be supported by an accompanying memorandum), this Court dispatched that motion as ill-founded in a brief oral ruling. When this Court then inquired as to how long defense counsel would require to answer the Feld-Zelinsky Amended Complaint, counsel responded that she would have the response ready by the next working day (such pre-preparedness seems to suggest a lack of confidence in the soundness of counsel's just-tendered and just-rejected motion).

True to counsel's word, the next working day of June 9 produced defendants' Answer and Affirmative Defenses. Unfortunately that responsive pleading is shot through with two types of noncompliance with the pleading requirements of the

Rules, and this memorandum order therefore strikes defendants' pleading sua sponte (but with leave being granted to repair the defects identified here).

To begin with, defense counsel has joined the ranks of lawyers who inexplicably fail to track the terms of the disclaimer plainly set out in the second sentence of Rule 8(b) as the precondition to any defendant's getting the benefit of a deemed (rather than an actual) denial--a flaw that crops up repeatedly in Answer ¶¶1, 2, 7, 9, 11, 12, 14-27 and 29. In that respect, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Second, counsel also operates under the misapprehension that legal conclusions are not an acceptable and integral part of federal pleading, so that statements of such conclusions need not be answered if advanced in a complaint--see Answer ¶¶4, 28 and 33. On that score, see App. ¶2 to State Farm.

Because those two errors so permeate the Answer, it is stricken in its entirety--but as stated earlier, leave is granted to file a proper self-contained Amended Answer and Affirmative Defenses[1] in this Court's chambers (with a copy being transmitted to plaintiffs' counsel) on or before June 20, 2003. No charge is

---

[1] Although some aspects of one or more of the three Affirmative Defenses may be problematic, this Court leaves any issues in that respect to be addressed by plaintiffs' counsel if they deem that to be appropriate.

to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 10, 2003